# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FAMILY LIFE CHURCH, an Illinois ) <br> Religious Corporation; and Frank Cherrye, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ELGIN, an Illinois Municipal ) <br> Corporation ) <br> ) <br> Defendants. ) | Case No. 07 CV 0217 <br><br> Judge Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

### I.     INTRODUCTION

Presently us is Family Life's motion for partial summary judgment. Family Life is seeking summary judgment on Counts I, II, V, VI and IX of the Amended Complaint it filed on June 15, 2007. In these five counts, Family Life alleges violations under the First Amendment of the Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Illinois Religious Freedom Restoration Act (IRFRA). Elgin argues in relevant part that Family Life's failure to abide by Local Rule 56.1 is sufficient grounds for denial.1 For the reasons set forth below, we deny Family Life's motion for partial summary judgment.

### II.    STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for

---

1      We have outlined the substantive background of this case in our Order on Elgin's Motion to Dismiss the Amended Complaint, and we will not repeat it here.

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Once the moving party meets this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." FED. R. CIV. P. 56(e).

### III. LOCAL RULE 56.1

In addition to the requirements set forth in FED. R. CIV. P. 56, this District requires an additional submission for both parties to a motion for summary judgment. Along with a supporting memorandum of law and any affidavits and other materials referred to in FED. R. CIV. P. 56(e), Local Rule 56.1 requires the party seeking summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1 (a)(3). This statement is to consist of short numbered paragraphs that include "specific references to the affidavits, parts of the record, and other materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a). A moving party's failure to abide by this rule constitutes grounds for denial of its motion. L.R. 56.1(a).

Local Rule 56.1 states that the non-moving party must, in addition to a supporting memorandum of law and any affidavits and other materials referred to in FED. R. CIV. P. 56(e), submit a concise response to the movant's statement of material facts. L.R. 56.1(b). This

response must include numbered paragraphs with a brief summary of the paragraph to which it is directed. L.R. 56.1(b)(3)(A). In the case of any disagreement, the non-moving party's submission must also make "specific references to the affidavits, parts of the record, and other materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(b)(3)(A).

## IV. ANALYSIS

Local Rules play an important role in addressing special problems identified by district court judges. *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d at 1101, 1103 (7th Cir. 1995). The Northern District promulgated Local Rule 56.1 "to assist the court in quickly and effectively identifying the disputed and undisputed material facts. It is designed to conserve judicial time and resources." Sunil R. Harjani, *Local Rule 56.1: Common Pitfalls in Preparing a Summary Judgment Statement of Facts*, CBA Record, Oct. 2002, at 42 (citing *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000)). As part of an effort to further its "significant interest in maintaining the integrity of its calendar" and in "streamlining" its caseloads, the Northern District requires a party moving for summary judgment to submit a statement of material facts. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994)(quoting *Wienco, Inc. v. Katahn Associates, Inc.*, 965 F.2d 565, 567 (7th Cir. 1992). This submission, which is clearly described in Local Rule 56.1, is used to "isolate legitimately disputed facts and assist the court in its summary judgment determination." *Brown v. GES Exposition Serv., Inc.*, 2006 WL 861174, at *1 (N.D.Ill. Mar. 31, 2006). Because "consistent, bright-line enforcement is essential to obtaining compliance with the rule and to ensuring that long-run aggregate benefits in efficiency inure to district courts," the Seventh Circuit regularly upholds strict enforcement of Local Rule 56.1. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995) (internal quotations omitted).

Here, Family Life has submitted a deficient statement of material facts with its motion for partial summary judgment. Local Rule 56.1(a)(3) requires a movant to submit a statement of material facts that entitle it to a judgment as a matter of law. This statement must consist of "short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1 (a)(3). In its submission to the court, Family Life has failed to abide by this clear and straightforward rule. Although it does partially comply, Family Life does not provide "specific references" to material in the record supporting its factual contentions after each numbered paragraph. "[S]pecific reference means including proper Bluebook citations to exact pieces of the record that support the factual contention contained in the paragraph." *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D.Ill.,2000). Because "[f]actual allegations not properly supported by citation to the record are nullities," this court cannot properly consider any of the material facts Family Life claims entitle it to summary judgment. *Id*.

Nonconformity with the Local Rules and the standing orders of the Court are not without consequence. *Green v. Harrah's Illinois Corp.,* 2007 WL 1141788, *3 (N.D.Ill. Apr. 29, 2004) (refusing to consider statements of fact in excess of the number permitted by Local Rule 56.1). Local Rule 56.1 plainly states that a failure to submit a statement of material facts that abides by its requirements "constitutes grounds for denial of the motion." L.R. 56.1(a)(3). Because it has been "repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1," we deny Family Life's motion for partial summary judgment. *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)

## V. CONCLUSION

For the reasons stated above, we deny Family Life's motion for summary judgment on Counts I, II and IX of its amended complaint.

It is so ordered.

*Marvin E. Aspen*

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: September 24, 2007